IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LORI BAKER and
THOMAS BAKER                                                                          PLAINTIFFS

v.                                                         CIVIL ACTION NO. 3:15-CV-161-MPM-SAA

KROGER LIMITED PARTNERSHIP I
d/b/a KROGER #473; and
THE KROGER COMPANY                                                                    DEFENDANTS

## ORDER DISMISSING MOTION TO COMPEL WITHOUT PREJUDICE AND ORDERING SANCTIONS AGAINST PLAINTIFFS

On April 25, 2016 defendants Kroger Limited Partnership I and the Kroger Company ("Kroger") filed a motion to compel plaintiffs to respond to defendants' first set of interrogatories and requests for production of documents and things. Docket 17. Defendant propounded the first set of interrogatories and first requests for production to plaintiffs on January 8, 2016. Docket 14. Defendants claim the plaintiffs never responded to written discovery, which was due on or before February 10, 2016.

According to defendants' motion and the accompanying affidavit of defense counsel, defense counsel sent two letters to plaintiffs' counsel after the response deadline of February 10, 2016 passed. Docket 17-4. Plaintiffs' counsel neither responded to the good-faith letters, nor executed the proposed good-faith certificate required by the Local Rules of this court. *Id*. Plaintiffs did not file a notice of service of discovery responses until May 10, 2016, fifteen days *after* defendants were forced to file their motion to compel. Docket 17. Plaintiffs have yet to respond to the motion to compel.

Rule 26(b) of the FEDERAL RULES OF CIVIL PROCEDURE provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." The requested information falls within the scope of proper discovery and should have been provided by the plaintiffs. Rule 37 of the FEDERAL RULES OF CIVIL PROCEDURE and LOCAL UNIFORM CIVIL RULE 37 provide the method and requirements necessary for a party seeking a court order compelling discovery responses. FED. R. CIV. P. 37, L.U. CIV. R. 37. Defense counsel complied with all necessary requirements of the rules. Because plaintiffs appear to have responded to defendants' discovery, defendants motion to compel will be dismissed without prejudice. Defendants are free to challenge the sufficiency of the discovery responses if that becomes an issue.

Rule 37(a)(5)(A) provides that "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court finds that the plaintiffs' complete failure to communicate in good-faith with defense counsel, particularly in combination with their failure to serve discovery responses until well after the motion to compel was filed and their failure to respond at all to the motion itself, warrants sanctions. Accordingly, it is

ORDERED:

Defendants' motion to compel is DISMISSED WITHOUT PREJUDICE. Plaintiffs or their counsel are ORDERED to pay defendants' reasonable attorney's fees and expenses

incurred in complying with the court's procedural rules and in filing the instant motion to compel.¹ Defendants' counsel must submit an itemized statement to plaintiffs' counsel within fourteen days of the date of this order.  Counsel for plaintiffS will have fourteen days to remit payment to defendants or to file any objections to the itemization.  Plaintiff is warned that continued complete failure to respond in this matter to either defendants or the court may lead to more serious sanctions including, but not limited to dismissal of plaintiffs' claims.

      This the 13th day of May, 2016.

                                                    /s/ S. Allan Alexander
                                            UNITED STATED MAGISTRATE JUDGE

---

¹ Plaintiffs and their counsel are in the best position to determine whether the failure is attributable to one of both of them, but the payment must be made in any event.