**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**LORI BAKER and THOMAS BAKER**                                 **PLAINTIFFS**

**v.**                                                    **Civil Action No.: 3:15-cv-00161-MPM-RP**

**KROGER LIMITED PARTNERSHIP, d/b/a
KROGER #473 and THE KROGER COMPANY**                    **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of defendants, requesting that it review certain evidence in this case prior to trial. Having considered the memoranda and submissions of the parties, this court is prepared to rule.

This is a slip-and-fall case in which plaintiff Lori Baker seeks to recover for damages which she allegedly suffered at the Kroger grocery store in Oxford on September 7, 2012. Lori's husband Thomas asserts a loss of consortium claim arising out of her alleged injuries. In defending themselves against these claims, defendants have filed a motion, ostensibly in the interests of judicial efficiency, for this court to make a pretrial ruling on numerous photographs which they obtained by reviewing plaintiffs' Facebook page. Presumably, defendants will seek to introduce the photographs to cast doubt upon the severity of the injuries which Lori allegedly sustained in her accident. These photographs strike this court as being potentially relevant evidence in this regard, and plaintiffs do not appear to argue otherwise.

This court finds defendants' motion to be fundamentally defective, however, in that it seeks a pretrial ruling on a large number of photographs and yet it only includes two of those

1

photographs for review. Obviously, this court is not in a position to make a pretrial ruling regarding the admissibility of photographs which were not provided to it, even if it were otherwise inclined to do so (which, frankly, it is not).[1] In response to an email query from this court's staff, counsel for defendants explained that the two attached photographs were intended to be "sample[s]" and that "[i]f the Court would like, an entire set of photographs and all matching testimony can be provided for review." [March 23, 2017 email from defense counsel at 1].

While this court appreciates defendants' offer to submit additional evidence in support of their motion, it will simply rule upon the motion which was submitted to it. Based upon that motion and attachments, and considering plaintiffs' response, this court concludes that the request for a pretrial ruling on these photographs is not well taken. In so stating, this court emphasizes that plaintiffs make it clear that they intend to make objections, based on grounds such as lack of authentication and hearsay, to many of these photographs and other Facebook page excerpts. It is, of course, their right to do so. Moreover, the briefing which is before the court simply does not contain the arguments and counter-arguments, as to each specific photograph, which would allow it to make an informed ruling on these matters.[2] This court

---

[1] In so stating, this court notes that issues such as this one have traditionally been reserved for trial.

[2] For example, plaintiffs argue that certain comments made by their friends on the Facebook page are hearsay. It strikes this court that the issue of whether such comments are hearsay or not would depend upon their nature. For example, a comment from a friend which merely states "Merry Christmas!" would clearly not be hearsay, since it would not be introduced to prove the truth of the matter asserted. Such evidence would, instead, presumably be used to establish the time period in which the comment was made. This illustrates why this court is not in a position to rule upon these issues without having viewed the evidence in question.

therefore has little difficulty in concluding that defendants' motion for a pretrial ruling should be denied. Having said that, this court does note that plaintiffs may try the jury's (and this court's) patience if they seek to make the process of admitting this evidence unduly cumbersome. With this caveat, this court will not prevent plaintiffs from raising any good faith objections in this context.

However, in the interests of expediting its consideration of these matters at trial, this court will provide its impression of one of the issues raised by the parties with regard to the photographs. In their response, plaintiffs object to dates and locations which were affixed to the photographs by counsel for defendants, which purport to state when and where they were taken. Plaintiffs argue that these amount to hearsay statements by defense counsel, and it appears to this court that they may be correct. That is, it appears to this court that the stamps may well be out-of-court assertions used to prove the truth of the matter asserted. Moreover, this court has serious doubts regarding whether any of the hearsay exceptions are applicable here. At the same time, this court regards the hearsay issue as being somewhat unclear, particularly since neither side submits authority dealing with this issue.

What *does* seem clear to this court is that it is not *necessary* for defendants to tell the jurors exactly where and when the photographs were taken, since they can decide this matter for themselves. This court will assume that defendants' representation that the dates which their counsel attached to the photographs are (at least for the most part) reliable and that it would speed along the trial process to allow them to include these notations on the photographs. Nevertheless, the fact remains that plaintiffs have a right to raise any good faith objections in this regard, and it seems to this court that each and every one of the dates and locations noted by

3

defense counsel should not necessarily be accepted as the gospel truth. This court therefore directs defendants to remove the date and times from the photographs, and it will allow the jury to decide when and where they were taken. Having clarified this issue, this court will otherwise reserve a ruling on the admissibility and relevance of each photograph and other Facebook excerpt until trial.

Defendants also request that this court review, in considering their objections to a March 15, 2017 ruling of Magistrate Judge Percy, surveillance video which they took of Lori. As discussed below, this court will grant this request, but it wishes to make clear that it is strongly inclined to agree with the Magistrate Judge's order excluding this video, based on defendants' failure to disclose it in discovery. In their briefing, defendants concede that they failed to disclose this evidence, but they submit that it will be used for "impeachment only" and should be allowed for this purpose. Judge Percy based his ruling on Rule 26(a)(1)(A), which requires that a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment…; (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 37(c) further provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

In his ruling, Judge Percy noted that there are strong public policy considerations

4

supporting this rule. Indeed, the Advisory Committee Note to Rule 37 emphasizes that this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009).

Public policy considerations aside, Judge Percy noted that the Fifth Circuit has addressed, and rejected, arguments virtually identical to those raised by defendants in this case. Specifically, Judge Percy wrote in his order that:

> The issue of whether investigative surveillance video of a personal injury plaintiff constitutes substantive evidence that is subject to pretrial disclosure was squarely addressed by the Fifth Circuit in *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993). Because the *Chiasson* plaintiff claimed physical and mental pain and anguish and sought damages for loss of enjoyment from the activities of her normal life, the Fifth Circuit found that the severity of her pain and the extent to which she had lost the enjoyment of normal activity were key issues to be decided by the jury and that evidence, such as the surveillance video, which would tend to prove or disprove such losses must be considered "substantive." 988 F.2d at 517. The court ruled that because the video was "at the very least in part substantive, it should have been disclosed prior to trial, regardless of its impeachment value." *Id.* at 517-18.

[Judge Percy March 15, 2017 order at 3-4]

Judge Percy noted that the facts in *Chiasson* were quite similar to those here, and he appeared to specifically *assume* that the video in this case would cast doubt upon the extent of plaintiff's injuries:

> In the instant case, Plaintiff has claimed damages similar to those claimed in *Chiasson*, and the subject surveillance video, which Defendants state show Plaintiff easily bending, picking up items, standing for long periods of time and making other bodily movements, would tend to prove or disprove the extent of Plaintiff's claimed damages. Because the video is at the very least in part substantive, it should have been disclosed prior to trial regardless of its impeachment value.

5

[Id. at 4].

In rejecting defendants' argument that *Chiasson* is distinguishable, Judge Percy wrote that:

> Defendants, who dispute Plaintiff's contention that her discovery requests sought information about any surveillance video, argue *Chiasson* is distinguishable because in that case the plaintiff had propounded a discovery request asking whether the defendant had any such footage of the plaintiff, to which the defendant answered that it did not. This Court need not decide whether Plaintiff requested information about any such surveillance video, because our discovery rules now require parties to disclose any such substantive evidence it may use at trial "without awaiting a discovery request." Fed.R.Civ.P. 26(a)(1). This "automatic" disclosure provision was added to the rules in 1993, the year *Chiasson* was decided. The Fifth Circuit has since affirmed that surveillance recordings which may have some impeachment value because they are inconsistent with the plaintiff's testimony, but which are also at least in part substantive because they tend to establish the truth of a key issue, must be disclosed by a party under Rule 26(a)(1) without awaiting a discovery request. *Olivarez v. GEO Group, Incorporated*, 844 F.3d 200, 205 (5th Cir. 2016).

[Id. at 4-5].

This court finds Judge Percy's ruling to be quite persuasive, and, in appealing it, defendants fail to point out any errors in his reasoning. In their brief, defendants write that:

> Magistrate Judge Percy found that the surveillance video constitutes substantive evidence that should have been disclosed in discovery. However, Kroger submits that the surveillance video is to be used for impeachment purposes only at the trial of this matter. The Magistrate Judge's reliance on the *Chiasson* case is somewhat misplaced.

[Defendants' brief at 2]. While defendants thus argue that Judge Percy's reliance upon *Chiasson* is "somewhat misplaced," they provide no particulars on exactly how this might be the case. Instead, defendants argue that this court should view the videotape itself to decide whether it is "substantive evidence" or not. Specifically, defendants write that:

> Kroger respectfully requests that the District Judge review the surveillance video *in camera* to see if, in fact, the surveillance video contains such "substantive

> evidence." After reviewing the video and paying attention to the claims of the Plaintiffs at trial, the Court can then make a reasoned determination whether the video is "black and white" strict impeachment of the Plaintiffs or not.

[Id.]

This court will grant defendants' request to view the videotape in chambers, since it does not want them to feel that their evidence is being overlooked. At the same time, it is not at all clear to this court exactly how viewing the videotape might alter the analysis regarding whether it is "substantive" or not. For the purposes of this motion, this court will assume that the video casts serious doubt upon the extent of Lori's injuries, and, as quoted above, Judge Percy appeared to assume this as well. The fact remains, however, that defendants' briefing fails to point out any specific errors in Judge Percy's reasoning, nor does it even mention the stringent burden which they face in appealing his order. Indeed, the Local Rules provide that:

> No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

L.U.Civ.R. 72(a)(1)(B). Defendants' briefing fails to make any arguments which might lead this court to conclude that the "magistrate judge's ruling is clearly erroneous or contrary to law," and their appeal of that ruling will almost certainly be denied. However, this court will reserve a final ruling on this issue until after viewing the videotape, which may be done in chambers on the day of the scheduled trial in this matter.[3]

In light of the foregoing, it is ordered that defendants' motion [114-1] for a pretrial ruling

---

[3] These in-chambers proceedings will be for the sole purpose of viewing the videotape and not to allow the parties to provide new arguments or authorities beyond those submitted in their briefing.

on certain photographs and other Facebook page excerpts is denied.

SO ORDERED, this the 27th day of March, 2017.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI